UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARIO M. RODRIGUEZ,

    Plaintiff,

v.                                     Case No. 3:23cv16482-LC-HTC

AMERICAN CIVIL LIBERTY
UNION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Dario Rodriguez, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*, ECF Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Hamilton Correctional Institution. Plaintiff's 42-page complaint is incoherent, rambling and names forty-five (45) Defendants. ECF Doc. 1. Some of the more comprehensible portions of the complaint allege: (1) several Defendants denied Plaintiff access to the courts, which he inexplicably claims nearly

cost him his life; (2) Defendants engaged in entrapment, fraud, and reckless endangerment, all of which impaired Plaintiff's ability to effectively represent himself and conduct legal research; and (3) politicians have hindered Plaintiff's ability to access effective assistance of counsel by creating and passing laws "to create dangerous and malicious loopholes in the prison system." *Id.* at 7, 11-12.

Title 28 U.S.C. § 1915(g) prohibits prisoners from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceed under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception to § 1915(g) is if the prisoner alleges he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Jackson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has brought at least three federal actions or appeals that were dismissed for failure to state a claim or as frivolous. *See Rodriguez v. Scott, et al.*, Case No. 2:18cv14005-JEM, ECF Doc. 24 (S.D. Fla. May 21, 2018) (dismissing case for failure to state a claim); *Rodriguez v. Barrows, et al.*, Appeal No. 19-10744, ECF Doc. 13 (11th Cir. June 6, 2019) (dismissing appeal as frivolous); *Rodriguez v. Lawson, et al.*, Appeal No. 19-14594, ECF Doc. 6 (11th Cir. Feb. 26, 2020) (dismissing appeal as frivolous). Furthermore, Plaintiff's status as a three-striker has been confirmed by the Eleventh Circuit. *See In re: Dario Rodriguez*, Appeal No. 20-11296, ECF Doc. 10 (11th Cir. June 18, 2020) (recognizing Plaintiff is a three-striker). All the above cases and appeals bear Plaintiff's FDOC inmate number (C11435), which confirms he filed them.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1344. Plaintiff's complaint fails to satisfy this standard. Although Plaintiff makes generalized references to being in danger or being subject to abuse, his assertions are conclusory, vague, and unsupported by any well-pleaded factual allegations which could support a claim of imminent danger. Courts have determined "[g]eneral allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *DuBois v. Buss*, 2011 WL 5593088, at *1 (N.D. Fla.

Oct. 14, 2011), *report and recommendation adopted by* 2011 WL 5593076 (N.D. Fla. Nov. 17, 2011) (noting a plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury"). Because Plaintiff failed to allege any specific facts supporting the existence of imminent danger, his complaint should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of July, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.